NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EARNEST PROVO, | |
| Petitioner, | Civil No. 10-cv-2374 (AET) |
| v. | **OPINION & ORDER** |
| JERSEY CENTRAL POWER & LIGHT COMPANY | |
| Respondent. | |

THOMPSON, U.S.D.J.

     This matter has come before the Court upon Petitioner Earnest Provo's ("Provo") Petition to Vacate the Arbitration Award [docket #9]. Respondent Jersey Central Power & Light Company ("JCP") opposes the Petition and files a cross-motion for Summary Judgment and to Confirm the Arbitration Award [#10]. The Court has decided the motion upon the submissions of both parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Petitioner's Petition is DENIED and Respondent's Cross-Motion is GRANTED.

BACKGROUND

**I.    Termination of Petitioner's Employment**

     This dispute arises out of the termination of Petitioner's employment by the Respondent on March 24, 2008. On the day in question, Petitioner, a lineman was assigned to a crew to conduct an overtime repair job. When the crew failed to arrive at the job site, a Supervisor employed by Respondent called Petitioner to determine the crew's whereabouts and at that time

detected slurring in Petitioner's speech.  When Petitioner arrived on site, the Supervisor allegedly smelled alcohol, and another Supervisor ordered Petitioner and other crew members to return to the shop for alcohol testing.  Upon his arrival, Petitioner was ordered to remain at the shop for testing or otherwise risk termination.  However, by the time the breathalyzer technician arrived at the shop to conduct the test, Petitioner had left the shop.  Petitioner was terminated but was allowed to continue working until June 28, 2008 at Respondent's sole discretion.

## II. Arbitration Under the CBA

As a member of the International Brotherhood of Electrical Workers, System Council U-3 (the "Union"), Petitioner is subject to the Collective Bargaining Agreement (the "CBA") between the Union and Respondent, effective from March 15, 2005 to October 1, 20008.  The CBA sets forth a multi-step grievance procedure: first, there is an initial meeting between the employee or Union representative and the supervisor; absent resolution of the dispute, a second step hearing may be scheduled between the Union and the Company; failing these two steps, either party may request arbitration by the American Arbitration Association ("AAA").  (Certification of John C. Petrella Ex. E, at 50-53.) [#10]  Pursuant to this procedure, the Union filed a grievance on Petitioner's behalf alleging that Respondent lacked "just cause" to terminate Petitioner under CBA Article 2.3.  (*Id.* at 5.)  After denial at the first two steps, the Union filed for arbitration.  In its notice of hearing, the AAA advised the Union and Respondent to attend the arbitration with all necessary witnesses.  (Petrella Certification Ex. G.)

At the arbitration conducted on November 19, 2009, the issue was framed as whether Petitioner was terminated for "just cause."  (Petrella Certification Ex. C, at 6:3–6:5.)  Respondent presented as witnesses the Supervisors involved in the incident in question.  (*Id.* at 21:6, 62:22, 86:18.)  The Union called only the Petitioner as a witness.  (*Id.* at 98:20, 134:21–22.)  On December 18, 2009, the arbitrator issued an opinion concluding that Respondent had just cause

and, accordingly, denying the grievance. (Pl.'s Pet. Ex. B, at 11.)

### III. Petition to Vacate the Arbitration Award

Petitioner filed a complaint in New Jersey state court on March 23, 2010, seeking to vacate the arbitration award [#1 Ex. B]. Respondents removed the action to this Court on May 10, 2010 [#1], based on preemption of CBA-related claims under the Labor Management Relations Act § 301. 29 U.S.C. § 185(a). On June 25, 2010, Petitioner filed the present Petition to Vacate the Arbitration Award and for Entry of Judgment [#1]. Respondents have opposed the Petition to Vacate and filed Cross-Motions to Confirm the Arbitration Award and for Summary Judgment.

## ANALYSIS

This district has noted previously that, where a CBA mandates that the Union has exclusive power to enforce the employees' rights in dispute resolution, an individual employee may not bring an action to vacate an arbitration award. *Adams v. Crompton & Knowles Corp.*, 587 F. Supp. 561, 562 (D.N.J. 1982). The Supreme Court has found an exception to this rule only where the Union breached its duty of fair representation. *Vaca v. Sipes*, 386 U.S. 171, 186 (1967). A breach of the statutory duty of fair representation occurs when a union's conduct toward an employee is arbitrary, discriminatory or in bad faith. *Id.* at 190. Absent such a showing, disposition of the claim pursuant to grievance procedures under the contract is final. *Cady v. Twin Rivers Towing Co.*, 486 F.2d 1335, 1337–38 (3d Cir. 1973) (citing *Haynes v. United States Pipe & Foundry Co.*, 362 F.2d 414 (5th Cir. 1966).

Here, the CBA specifies that the Union is charged with pursuing grievances. (Petrella Certification Ex. C, at 51) (providing that "the Union will have up to an additional three (3) months . . . to file for a first step grievance meeting," and that "a second step hearing shall be

scheduled between the Union and the Company"). Petitioner has made no allegation whatsoever that the Union breached its duty of fair representation. Thus, Petitioner lacks standing to challenge the arbitration, and Petitioner's Petition to Vacate the Arbitration Award and for Entry of Judgment is denied.

## CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS this 19th day of October, 2010

ORDERED that Petitioner's Petition to Vacate the Arbitration Award and for Entry of Judgment [#9] is DENIED;

ORDERED that Respondent's Cross-Motion to Confirm the Arbitration Award [#10] is GRANTED;

ORDERED that this matter is CLOSED.


     */s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.